UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRACY S. MYLES,

         Plaintiff,

    -vs-               08-CV-205C

A & L, INC.,
d/b/a ALLEGHENY INDUSTRIES,

         Defendant.

## **BACKGROUND and FACTS**

Plaintiff commenced this action with the filing of a complaint on March 11, 2008. Item 1. It is brought pursuant to Title VII of the Civil Rights Law of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, N. Y. Executive Law § 296 ("NYSHRL"). Plaintiff sets out four causes of action–race discrimination, hostile work environment, and retaliation under Title VII, and race discrimination under the NYSHRL. Defendant has moved for an order dismissing plaintiff's hostile work environment cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and striking paragraphs 19 and 20 of the complaint as irrelevant and prejudicial pursuant to Rule 12(f).

In his complaint, plaintiff alleges that he is an African-American man who was employed by defendant beginning in June 2002. He alleges that during the course of his employment, he was referred to as "Magilla the Gorilla" by his co-workers. Item 1, ¶ 17. This occurred even in the presence of supervisory personnel. *Id.* Plaintiff alleges that he "repeatedly notified management" of the harassment, but no action was taken. *Id.* Plaintiff

also alleges that his supervisor, Michael Halloran, used the term "nigger work" to describe undesirable work that had been assigned to Halloran. Item 1, ¶ 18.

Paragraphs 19 and 20 of the complaint read as follows:

> 19. During this period, between March 1996 and April of 2002, Plaintiff Myles actively sought employment with CATCO Construction Co., another local Western New York contracting firm, by filling out formal applications and submitting his resume to CATCO. In spite of these numerous attempts to gain employment with CATCO, Plaintiff Myles was never hired. During this period, CATCO experienced enormous growth in its business, including hiring operating engineers on an ongoing basis. These operating engineers were White/Caucasian.
>
> 20. On or about April 22, 2002, Plaintiff Myles filed a charge of Discrimination with the New York State Division of Human Rights and the EEOC, alleging that CATCO Construction Co. discriminated against Myles on the basis of his race in failing to hire him. . . . The Charge was processed by the EEOC and, ultimately, the EEOC commenced litigation in the Western District of New York against CATCO Construction Co. by filing a Complaint in Civil Action No. 03-CV-0670A(F) (W.D.N.Y.) on September 10, 2003. . . . On May 6, 2004, Plaintiff Myles intervened in Case No. 03-CV-0607A(F) by filing a Summons and Complaint against CATCO Construction Co.

Item 1, ¶¶ 19-20. Plaintiff goes on to allege that following the filing of the complaint in the CATCO litigation, he was laid off from his employment with defendant. *Id.,* ¶ 21. He alleges "CATCO engaged in a campaign to ostracize Mr. Myles in the local construction industry." *Id.,* ¶ 29. Plaintiff alleges that his layoff by defendant was in retaliation for his involvement in the CATCO litigation. *Id.,* ¶ 30.

## DISCUSSION

The court first turns to defendant's motion, under Rule 12(f), to strike paragraphs 19 and 20 of the complaint. Fed. R. Civ. P. 12(f) provides that the court may strike from a pleading any matter that is "redundant, immaterial, impertinent, or scandalous . . . ."

2

Here, defendant argues that paragraphs 19 and 20 are improper, as they are solely included "to introduce an inference that Plaintiff has suffered discrimination on more than one occasion." Item 4, p. 3. While these paragraphs introduce allegations of past discrimination, they are included to explain plaintiff's cause of action for retaliation. Plaintiff states that he filed a formal charge of discrimination with the EEOC which resulted in an action brought by the EEOC against CATCO in which plaintiff intervened. Plaintiff alleges that he was laid off by defendant in retaliation for his involvement in the CATCO litigation. The court expresses no opinion on the ultimate merits of this claim, but finds that paragraphs 19 and 20 are material to the retaliation cause of action and are neither scandalous, impertinent, or prejudicial. Accordingly, that aspect of the motion is denied.

Defendant also argues that plaintiff's claim of a hostile work environment should be dismissed as he has failed to set forth facts which meet the legal standard required to establish such a claim.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1949. Pleadings that are "no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 1950.

The Supreme Court in *Iqbal* set out a "two-pronged" approach for courts considering a motion to dismiss. *Id.* at 1950. First, the court accepts plaintiff's factual allegations as true and draws all reasonable inferences in his favor. *See Iqbal* 129 S.Ct. at 1950; *see*

3

*also Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), *cert. denied,* 129 S.Ct. 1524 (2009). The court considers only the factual allegations in the complaint and "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004). Second, the court determines whether the "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557).

Additionally, and particularly relevant to this motion, "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Instead, Rule 8 requires only that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

For a hostile work environment claim to succeed, plaintiff must first demonstrate that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (internal quotations omitted); *see also Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir. 2000). This first element has both a subjective and an objective

component. The misconduct must be sufficiently severe or pervasive to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive the environment to be abusive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). To determine whether conduct is objectively severe or pervasive, the court must consider the totality of the circumstances, including factors such as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23; *see also Patterson v. County of Oneida*, 375 F.3d 206, 227 (2d Cir. 2004). As the Second Circuit has recognized, "[s]imple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." *Petrosino v. Bell Atl.*, 385 F.3d 210, 223 (2d Cir. 2004).

Here, plaintiff has alleged that he was referred to as "Magilla the Gorilla," and his supervisor used the term "nigger work" to describe undesirable work. Plaintiff does not state how often such comments were made, but alleges that he "repeatedly" complained to management about the harassment. Although the complaint is not specific about the frequency of the comments, such specificity is not required at this stage of the litigation. Under the notice pleading practice established by Rule 8, plaintiff is not required to set forth all facts on which he relies to support his claim. *Swierkiewicz,* 534 U.S. at 511-13; *Watson v. American Red Cross Blood Services*, 468 F. Supp. 2d 484, 488 (W.D.N.Y. 2007); *Hanson v. Nassau County Dept. of Public Works*, 2007 WL 1526426, *1 (E.D.N.Y. May 23, 2007) (complaint need not establish a *prima facie* case of discrimination to survive

5

motion to dismiss).  The "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz,* 534 U.S. at 512.  Viewing the allegations in the light most favorable to plaintiff, the court finds that the plaintiff has stated "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  Accordingly, the motion to dismiss is denied.

## **CONCLUSION**

Defendant's motion to dismiss the hostile work environment claim is denied, and the motion to strike paragraphs 19 and 20 of the complaint is denied.

So ordered.

_____\\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   12/10  , 2009
p:\pending\2008\08-205.dec709